IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY A. MASCIANTONIO d/b/a THERMOALL REMODELING, | ) ) ) | CASE NO. 3:14-mc-35 |
| Petitioner, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA et al., | ) ) | |
| Respondents. | ) | |

## ORDER

Pending before the Court in this matter[1] are several motions—Petitioner Anthony Masciantonio's motion to quash Internal Revenue Service ("IRS") summons (ECF No. 1), the United States' motion for summary enforcement (ECF No. 3), Petitioner's motion for in camera review (ECF No. 12), and Petitioner's motion for protective order (ECF No. 13). The Court has carefully considered each of these motions, examined all of the documents filed in this case, studied the relevant law, and reviewed the related cases in this matter.[2]

This matter arises from two summonses issued by the IRS on July 15, 2014, both seeking the production of documents related to an IRS investigation into Petitioner's tax

---

[1] This Court has jurisdiction under 26 U.S.C. §§ 7402(b) and 7604(a). Venue is proper under 28 U.S.C. § 1391(b)(1), (2) and 26 U.S.C. § 7604(a).

[2] Petitioner previously initiated three similar actions, wherein he filed nearly identical motions to those now pending before the Court in this case. *See* Case No. 3:13-mc-39, No. 3:13-mc-50, and No. 3:14-mc-26.

filings.³ (ECF Nos. 1-1 and 1-2). One summons was issued to First Commonwealth Bank, seeking the production of documents pertaining to Petitioner's account, loan, and other banking records for the 2009 calendar year (*see* ECF No. 4-2), while the other summons was issued to Thermoall Remodeling and Anthony Masciantonio seeking the production of business and financial records for the period of January 1, 2009 through December 31, 2012 (*see* ECF No. 4-3). Presently, Petitioner seeks to quash both summonses, and the United States seeks to enforce the summonses.

## 1. *Petitioner's Motion to Quash Summons and Respondent's Motion to Enforce Summons*

To establish a prima facie case for enforcement of a summons, the IRS must show that (1) the summons was issued for a proper purpose; (2) the information sought may be relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the required administrative steps have been taken. *United States v. Powell*, 379 U.S. 48, 57–58 (1964). "Once the IRS has made its prima facie case, the taxpayer bears the burden of disproving any one of the four *Powell* elements or otherwise demonstrating that 'enforcement of the summons will result in an abuse of the court's process.'" *Masciantonio v. United States*, 528 F. App'x 120, 121 (3d Cir. 2013) (citing *United States v. Rockwell Int'l*, 897 F. 2d 1255, 1262 (3d Cir. 1990)).

---

³ In his motion, Petitioner asserts that he is seeking to quash "three new summonses" issued by the IRS on July 15, 2014. (ECF No. 1 ¶ 1). Petitioner attached copies of the three summonses to his motion as Exhibits A, B, and C. (ECF Nos. 1-1, 1-2, and 1-3). However, as the United States notes in its response (*see* ECF No. 4 at 2, n. 1), Exhibits B and C appear to be identical summonses, and the Court will treat them as the same.

2

Here, Agent David McKinzie stated in a sworn declaration that he issued both summonses as part of his investigation into whether Petitioner committed any offense under the Internal Revenue Code for tax years 2009 through 2012, and in order to determine the correct amount of income earned by Petitioner, as well as the correct amount of business expenses that he incurred. (ECF No. 4-1 ¶¶ 3-4). Determining the correctness of petitioner's tax returns and his corresponding tax liability is a legitimate purpose for which a summons may be issued. *See* 26 U.S.C. § 7602. Furthermore, the pertinent bank records and business records are directly related to Agent McKinzie's investigation, the information sought is not currently in the IRS's possession, and Agent McKinzie followed the proper administrative steps for issuing a summons. Accordingly, because the United States has adequately shown each element to establish a prima facie case, the United States' request to enforce the summonses will be granted. Likewise, because Petitioner has failed to raise any arguments sufficient to overcome the United States' prima facie showing that the summons should be enforced, his request to quash the summons will be denied.

Additionally, regarding the summons issued to First Commonwealth Bank ("the Bank"), as the Third Circuit has already noted regarding Petitioner's past attempts to quash summonses issued in this case, "the Supreme Court has already foreclosed [Petitioner's] arguments when asserted to defeat enforcement of an administrative summons served on third-party record keepers." *Masciantonio v. United States*, 528 F. App'x 120, 122 (3d Cir. 2013) (citing *United States v. Miller*, 425 U.S. 435, 444 (1976)

3

("[T]he issuance of a subpoena to a third party to obtain the records of that party does not violate the rights of a defendant, even if a criminal prosecution is contemplated at the time of the subpoena is issued."); *Fisher v. United States*, 425 U.S. 391, 397 (1976)). Therefore, Petitioner's motion to quash the summons issued to the Bank is denied, and the Bank shall produce to the United States all relevant documents.

Next, Petitioner asserts that the IRS is conducting a criminal investigation rather than a civil investigation. (*See* ECF No. 1 at 3-6, ¶¶ 14-28). However, this Court has previously addressed this argument and, like before, now finds it to be without merit. Specifically, under 26 U.S.C. § 7602, the IRS may issue a summons in pursuit of criminal tax investigations, provided no Justice Department referral has been made as of the date the summons issued. *See Moutevelis v. United States*, 727 F. 2d 313, 315 (3d Cir. 1984); *Pickel v. United States*, 746 F. 2d 176, 183 (3d Cir. 1984). Petitioner has not presented any evidence of a Justice Department referral as of July 15, 2014—the date when the IRS issued the summons. The United States further established through Agent McKinzie's declaration that no Justice Department referral had been made as of September 23, 2014. (ECF No. 4-1 at 4 ¶ 15). Accordingly, Petitioner's argument is without merit.

Petitioner has asserted his Fifth Amendment privilege against self-incrimination as a defense to the summons issued to him.[4] However, a taxpayer may not assert a "blanket invocation of his fifth amendment privilege." *United States v. Allshouse*, 622 F.2d

---

[4] Inasmuch as Petitioner attempts to invoke his Fifth Amendment rights regarding the summons issued to the Bank, the production of relevant documents by the Bank is not subject to Petitioner's Fifth Amendment privilege. *See Couch v. United States*, 409 U.S. 322, 328 (1973) ("[T]he Fifth Amendment privilege is a personal privilege: it adheres basically to the person, not to information that may incriminate him.").

4

53, 56 (3d Cir. 1980). Instead, he must make specific assertions of the privilege on a document by document basis. *Id.; United States v. Raniere*, 895 F. Supp. 699, 704 (D. N.J. 1995). Accordingly, Petitioner must submit to the Court, for an in camera review, a log describing each document that Petitioner believes is protected by the Fifth Amendment along with the documents claimed to be privileged so that the Court can determine, as to each individual document, whether Petitioner has a legitimate Fifth Amendment concern. *See United States v. Amabile*, No. 11-cv-6591, 2012 WL 2421481, at *4 (E.D. Pa. June 26, 2012).

Petitioner also appears to request an evidentiary hearing.[5] (ECF No. 1 at 8). However, no evidentiary hearing is required if "the taxpayer cannot refute the government's prima facie *Powell* showing or cannot factually support a proper affirmative defense." *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 71 (3d Cir. 1979). Petitioner's conclusory assertions do not provide any basis for an evidentiary hearing. *See United States v. Clarke*, 134 S. Ct. 2361, 2367 (2014). Accordingly, Petitioner has failed to show that he is entitled to an evidentiary hearing and his request will therefore be denied.

---

[5] Rather than providing any legal argument to support his request for an evidentiary hearing, Petitioner simply and audaciously asserts, "this court lacks courage to permit at the very minimum an Evidentiary Hearing on this matter." (ECF No. 1 at 7). Despite Petitioner's provocative challenge, he has failed—as before—to demonstrate a legally or factually sound basis sufficient to require an evidentiary hearing. *See Masciantonio v. United States*, 528 F. App'x 120, 122 (3d Cir. 2013) *cert. denied*, 135 S. Ct. 213 (2014) ("[T]he District Court did not err in denying Masciantonio's request for an evidentiary hearing . . . Masciantonio's conclusory assertions did not provide any basis for an evidentiary hearing.") (citing *United States v. Garden State Nat'l Bank*, 607 F. 2d 61, 71 (3d Cir. 1979)).

In sum, Petitioner has not presented any evidence showing that the two summonses issued by the IRS on July 15, 2014, are invalid. As such, Petitioner's motion to quash will be denied, and the United States' motion to enforce will be granted. Petitioner must submit for review by the Court any document that he believes is protected by the Fifth Amendment. Petitioner must provide to the IRS all non-privileged documents requested by the summons.

### 2. *Petitioner's Motion for In Camera Review*

Petitioner has also filed a motion (ECF No. 12), pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), requesting an in camera review of a Treasury Inspector General for Tax Administration ("TIGTA") investigation report. Petitioner's motion lacks merit and must be denied. With few limited exceptions, *Brady* applies only to criminal cases and to the evidence that a prosecutor must provide to a criminal defendant. *See Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F. 3d 131, 138 (4th Cir. 2014) ("[C]ourts have only in rare instances found *Brady* applicable in civil proceedings."). Thus, the *Brady* rule is inapplicable to administrative and civil proceedings, such as the IRS enforcement proceeding at issue in this case. *See United States v. Koziol*, 79 F. 3d 1155 (9th Cir. 1996) ("A summons enforcement proceeding is civil, not criminal."). Accordingly, because *Brady* does not apply to the instant IRS civil summons enforcement proceeding, Petitioner's motion for an in camera review of the TIGTA investigation report is denied.

### 3. *Petitioner's Motion for Protective Order*

Finally, Petitioner has moved for a protective order, pursuant to Federal Rule of Civil Procedure 26(c)(1), "prohibiting Respondent from conducting discovery of Petitioner." (ECF No. 13 at 1). Petitioner's motion is simply an attempt to creatively recast his prior argument—that the IRS summonses should be quashed because they lack a basis in good faith.[6] Petitioner has failed to meet his burden for a protective order under Rule 26, and the motion is therefore denied.[7] Importantly, the Court has already determined that the IRS properly established a prima facie case for enforcement under *Powell*, which Petitioner has failed to rebut.

---

[6] To the extent that Petitioner is reasserting his Fifth Amendment right against self-incrimination (*See* ECF No. 13 at 5, "Notice is hereby given . . . that Petitioner Masciantonio will invoke his Fifth Amendment Right to any questions presented to him, and will invoke his Fifth Amendment Right for the request of production of records . . ."), the Court has considered such argument and will permit Petitioner to specifically assert the privilege through an in camera review of the records requested by the IRS.

[7] "Rule 26(c) places the burden of persuasion on the party seeking the protective order. To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

AND NOW, the Court having given due consideration to each of the motions pending in this matter, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's motion to quash the IRS summonses (ECF No. 1) is **DENIED**;

2. The United States' motion for summary enforcement and to deny the motion to quash (ECF No. 2) is **GRANTED**;

3. Petitioner's motion for in camera review of the TIGTA report (ECF No. 12) is **DENIED**;

4. Petitioner's motion for protective order (ECF No. 13) is **DENIED**;

5. First Commonwealth Bank shall produce the records demanded by the IRS summons within thirty (30) days from the date of this Order;

6. Petitioner shall produce, for an in camera review by this Court, the records demanded by the IRS summons, as well as an explanation as to the applicability of the Fifth Amendment privilege to each document produced, within thirty (30) days from the date of this Order; and

7. Any and all other relief requested by Petitioner, which is not specifically addressed in this Order, is **DENIED**.

**IT IS SO ORDERED** this 16th day of December, 2014.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE